IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-02289-WDM-BNB

MAERSK, INC., a New York corporation,

      Plaintiff,

v.

TINGEY TRADING INTERNATIONAL, INC., a Colorado corporation,

      Defendant.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

---

Miller, J.

      This matter is before me on the motion for summary judgment filed by plaintiff Maersk, Inc, (Maersk), claiming entry of judgment pursuant to Maersk's confession of judgment as well as entitlement to costs, expenses, and attorneys' fees following the execution of a Settlement Agreement and a Stipulated Confession of Judgment by defendant Tingey Trading International, Inc. (Tingey).  Tingey opposes both the entitlement to and the amount of attorneys' fees claimed by Maersk.  I have reviewed the parties' written arguments and evidence and conclude that oral argument is not required.  For the reasons that follow, the motion will be granted in part.

<u>Background</u>

      Maersk filed suit against Tingey for breach of contract and unjust enrichment, seeking payment of $56,438.00 in freight charges for transportation services performed by Maersk.  Attached to its complaint, and to the motion for summary judgment, are copies of bills of lading supporting its claims.

On June 15, 2004, the parties filed a Stipulated Confession of Judgment, with an attached Settlement Agreement.  Pursuant to these documents, Tingey confessed judgment in favor of Maersk for the full amount sought in the complaint.  Both of these documents expressly state that the parties dispute Maersk's entitlement to, and the amount of, costs, expenses, and attorneys' fees incurred in obtaining payment from Tingey. Otherwise there appears to be no dispute but that summary judgment should enter in favor of plaintiff in the confessed amount.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where the moving party bears the burden of persuasion at trial, it "must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial." *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 947 (10th Cir. 1990).   If this burden is met, the party opposing summary judgment must then produce evidence that demonstrates the existence of a genuine fact issue for trial. *Id.*

## Discussion

As an initial matter, I note that neither party complied fully with section 6 of my Pretrial and Trial Procedures.  Although Maersk set forth a statement of undisputed

2

facts in its opening brief, Tingey did not respond to these assertions.  Likewise, although Tingey added a section of additional undisputed facts, Maersk did not admit or deny these assertions in its reply brief.  For purposes of this motion, I will assume that the facts set forth by both parties are undisputed.

"Under the American Rule, it is well established that attorney's fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'"  *Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters and Joiners*, 456 U.S. 717, 721 (1982) (citation omitted).

Maersk relies on the language from two document sources to support its entitlement to recover costs and attorneys' fees.  The first is the Maersk Sealand Contract (Contract).  This contract between the parties provides for arbitration of disputes arising  under or relating to the contact and states that any award made under the Dispute Article of the contract "may include attorney's fees and expenses and judgment may be entered upon any award hereunder in a court of competent jurisdiction.  Declaration of Rose Austin, Exhibit 1, Part II, § 16.

The second document source is the bills of lading for the transportation services provided by Maersk (referred to as Carrier).  These documents contain the following provision:

> The Shipper, consignee, holder hereof, and owner of the goods, and their principals, shall be jointly and severally liable to Carrier for the payment of all freight, demurrage, General Average and other charges due hereunder, without discount, together with any Court costs, expenses and reasonable attorney fees incurred in collecting any sums due Carrier.

*See, e.g.*, Austin Declaration, Exhibit 2, ¶ 14.4.

Based on these provisions, Maersk contends it is entitled to recover its costs, expenses, and reasonable attorneys' fees incurred in collecting the payment from Tingey for the services provided.

In response, Tingey argues that the controlling language is that in the Contract, not the bills of lading.  It points to the following provision in the Contract to support this contention:  "The terms and conditions of the carriers bill of lading covering individual shipments shall apply to shipments hereunder.  The rates and charges applicable to such shipments are set forth in this Contract and shall not be overridden by the bill of lading[.]"  Exhibit 1, Part II, § 9.

Based on the assumption that the Contract controls, Tingey maintains that Maersk is not entitled to recover its costs and fees because the Contract language is permissive (*may* recover), not mandatory (*shall* recover).  It also argues that the provision for recovery of attorneys' fees applies only where the contract dispute is resolved by arbitration in accordance with the Contract.

I must interpret these Contract provisions "to determine and give effect to the intention of the parties."  *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1149 (10th Cir. 2000) (citation omitted; applying Colorado law).  I look to the language of the Contract itself unless it is ambiguous, in which case I may consider extrinsic evidence of intent.  *Id.*  To determine whether any terms of the Contract are ambiguous, I must examine and construe its language "in harmony with the plain and generally accepted meaning of the words employed," in the context of all provisions of the instrument.  *Id.* (citation omitted).  The parties' disagreement over the interpretation of

4

the Contract does not, by itself, create an ambiguity.  *Id.* at 1150.

Applying these rules of contract interpretation, I disagree with Tingey that the provision in the Contract that the "rates and charges" established by the Contract (which are not overridden by the bills of lading) include attorneys' fees.  The term of the Contract governing contract rates refers to the commodity rates described in Part I of the Contract and set forth in the Contract's Appendix.  Exhibit 1, Part II, § 6; Exhibit 1, Appendix.  The Contract does not specifically identify any charges separate from these commodity rates and does not expressly prohibit the addition of other charges, such as costs or attorneys' fees.  Thus, although the attorneys' fee provision in the bills of lading appears under the paragraph title "Freight and Charges," I conclude that the recovery of attorneys' fees under the bill of lading is not prohibited by any term of the Contract concerning rates or charges.

Because I conclude that the bills of lading entitle Maersk to recover its costs, expenses, and reasonable attorneys' fees incurred in obtaining payment from Tingey, and that such recovery is not prohibited by the Contract, I need not resolve Tingey's argument that recovery of fees under the Contract is limited to arbitrated disputes.

On the issue of the fees claimed by Maersk, Tingey argues that Maersk has failed to comply with D.C.COLO.LCivR 54.3B.2 and that the amount claimed is unreasonable.

Local Rule 54.3B.2 requires that a motion for attorneys' fees include a summary of the qualifications and experience for each person for whom fees are claimed.  Maersk failed to provide some of this information.  Arguing the plain language somehow

was inapplicable to its motion for summary judgment.  Plaintiff's argument is without

merit in disregard of an unambiguous local rule as well as my Pretrial and Trial

Procedures, Sec. 7.  In any event Maersk attaches to its Reply the required information

concerning its attorneys.  Because the information has now been provided, I consider

this issue moot.

Addressing the dispute over the amount of claimed fees and expenses, I note

that the complaint sought $56,438, the precise amount of the stipulated judgment.

Plaintiff originally sought $35,524.31 in costs and attorneys' fees and then added

another $3,221.22 for a total claim of $38,815.53.  This is not an insignificant amount

given what appears to have been a very straight forward commercial collection which,

as defendant's expert observed, is presumably routine or familiar to plaintiff's legal

counsel.  *See* affidavit of Gregory C. Hatfield, 8.c.  There is no dispute over hourly

rates, just hours and expenses, and hours should be related to complexity which is not

apparent.

Indeed, quick perusal of the file discloses a straight forward complaint, a two-

page answer, a form scheduling order which contemplated limited discovery, the

extension of the discovery and motions deadlines and ultimately the filing of a stipulated

confession of judgment on June 15, 2004, without extensive discovery or other pretrial

work.  Such a simple record nevertheless resulted in over 210 combined attorneys' fees

hours at the rates ranging from $135 to $190 an hour.  Given the lack of complexity, an

obvious question is why three attorneys would need to spend such amounts of time

(DeVoe, 50.3 hours; Warthen, 63.5 hours; and Riley, 89.3 hours).  Based upon my

experience as a practitioner, no credible reason for three supposedly experienced collection attorneys accumulating that many hours is given.

Regrettably, defendant focuses only upon the actual settlement hours and expenses and I am somewhat limited in factual background for reducing these fees.  As Mr. Hatfield notes, certainly there is no justification for three attorneys to appear at a settlement conference, particularly when the most expensive, Mr. DeVoe, hasn't even entered an appearance.  If his participation was needed he would readily be available by phone, save the extensive travel time and expense, which I conclude with Mr. Hatfield, were unnecessary and unreasonable charges.  By review of the attorneys' bills for the last half of March during this seven month period, I cannot find a rational explanation for three attorneys spending almost 60 hours in two weeks to arrive at a confession of judgment for the specific amount claimed in the complaint.  I simply cannot avoid the conclusion that there was duplication, perhaps even triplication, of effort.  I will reduce the claimed hours by 50 (one could easily reduce just the settlement conference hours by 2/3 or 40 hours) and use a blended hourly rate of $170 for a fee reduction of $8,500.  I will also reduce the expenses for the unnecessary travel of Mr. DeVoe to the settlement conference in the amount of $809.10.[1]

Accordingly, the original claim of $35,524.31 is reduced to $26,215.21 ($35,524.31 minus $8,500 minus 809.10 equals $26,215.21).

The claim for additional fees of $3,291.22 to justify an unreasonable claim is

---

[1]I note that the local rules of this court do not require appointment of local counsel.  I also raise the question of whether consulting attorneys, not subject directly to this court's jurisdiction, should be awarded fees without entry of appearance.

unacceptable and denied as without merit.  As it is, the comparatively straight forward collection of approximately $56,000 should not require an excess of $26,000 on such a sparse record.

Defendant does not otherwise dispute the entry of judgment.  Accordingly, it is ordered as follows:

1.  Judgment shall enter in favor of plaintiff Maersk, Inc. against defendant Tingey Trading International, Inc. in the total amount of $82,653.21, consisting of $56,438 judgment for freight and related charges and $26,215.21 for attorneys' fees and expenses;

2.  Given the parties' settlement agreement, this judgment shall not accrue interest except as to the $26,215.21 in expenses which shall accrue interest from the date of entry of judgment at the lawful rate;

3.  Given the resolution of the competing claims of fees and costs, plaintiff is entitled to no further costs.

DATED at Denver, Colorado, on September 28, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge